MJM: USAO#2019R00137

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2021 MAR 25  PM 2:44

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. CCB-20-0285 |
| v. | * | (Conspiracy to Commit Bank Fraud and Mail Fraud, 18 U.S.C. § 1349; |
| JOHNSON B. OGUNLANA and SAMSON A. OGUNTUYI, | * | Bank Fraud, 18 U.S.C. § 1344; Access Device Fraud, 18 U.S.C. § 1029(a)(5); Aggravated Identity Theft, 18 U.S.C. |
| Defendants. | * | § 1028A; Theft of Mail by a Postal Employee, 18 U.S.C. § 1709; Destruction of Mail by a Postal Employee, 18 U.S.C. § 1703(a); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture) |

*****

### SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Commit Bank Fraud and Mail Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Superseding Indictment:

#### Introduction

1. **JOHNSON B. OGUNLANA ("OGUNLANA")** was a citizen of Nigeria and a resident of the State of Maryland.

2. **SAMSON A. OGUNTUYI ("OGUNTUYI")** was a citizen of Nigeria and a resident of the State of Georgia.

#### The United States Postal Service

3. The United States Postal Service ("USPS") was an agency of the United States federal government that provided postal service in the United States. USPS collected United States mail deposited by postal customers into authorized depositories, processed the mail for delivery to other postal customers at designated addresses, and delivered the mail to those addresses.

1

4. The Brooklyn South Carrier Annex was a USPS facility located in Brooklyn, Maryland. USPS provided service to, and handled U.S. mail to be delivered to, addresses located within the zip codes 21225, 21226, and 21230 through the Brooklyn South Carrier Annex.

5. **OGUNLANA** was employed as a letter carrier by USPS and assigned to the Brooklyn South Carrier Annex. His duties and responsibilities as a letter carrier included handling, sorting, collecting, and delivering letter and parcel mail to postal customers residing and conducting business on his assigned postal delivery routes, and preserving and protecting the security of all mail in his custody. **OGUNLANA** was aware that he was not permitted to steal mail or to open any mail that came into his custody without authorization. On or about October 6, 2014, **OGUNLANA** signed a document acknowledging his duty to protect mail in his custody from unauthorized opening, reading, tampering, and delay, and his understanding that it was a crime to obstruct, delay, or steal mail.

### The Identity Theft Victims

6. The individual victims of identity theft and other criminal activities described in this Superseding Indictment (the "Identity Theft Victims") were postal customers and included, but were not limited to, T.B., B.L.S., S.S., V.M., K.Y., W.S., B.I.S., E.B., and J.C.

7. T.B., B.L.S., S.S., K.Y., W.S., and E.B. were residents of Brooklyn, Maryland 21225.

8. V.M. and B.I.S. were residents of Stoney Beach, Maryland 21226.

9. J.C. was a resident of Smyrna, Georgia 30080.

### The Victim Businesses

10. The business victims of mail theft and other criminal activities described in this Superseding Indictment (the "Victim Businesses") included, but were not limited to, Southland Insulators of Maryland, Inc. d/b/a DeVere Insulation Company ("DeVere Insulation Co."), Evan

Transportation, Inc., and other companies that did business with DeVere Insulation Co. and Evan Transportation, Inc.

11. The Victim Businesses were postal customers located in the State of Maryland and in other states, including, but not limited to, Pennsylvania, Virginia, and the District of Columbia.

12. DeVere Insulation Co. was an insulation contracting company located in Baltimore, Maryland 21226.

13. Evan Transportation, Inc. was a trucking company located in Baltimore, Maryland 21225.

### The Victim Banks

14. The financial institution victims of fraud and other criminal activities described in this Superseding Indictment (the "Victim Banks") were postal customers and included, but were not limited to, Wells Fargo, BB&T, Bank of America, SunTrust Bank, Citibank, Chase Bank, and Synchrony Bank.

15. The deposits of Wells Fargo, BB&T, Bank of America, SunTrust Bank, Citibank, Chase Bank, and Synchrony Bank were insured by the Federal Deposit Insurance Corporation.

### The Conspiracy and the Scheme to Defraud

16. Beginning on or about June 17, 2017, and continuing until on or about February 5, 2019, in the District of Maryland, the Northern District of Georgia, and elsewhere, the defendants,

**JOHNSON B. OGUNLANA and**
**SAMSON A. OGUNTUYI,**

knowingly and willfully conspired and agreed together and with others known and unknown to the Grand Jury to commit offenses under chapter 63 of Title 18, United States Code, namely:

a. to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain monies, funds, and credits owned by, and

under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344; and

        b.      to knowingly and willfully cause matters and things to be delivered by mail and by a private and commercial interstate carrier according to the direction thereon, and to knowingly and willfully take and receive such matters and things from a post office and authorized depository for mail matter, for the purpose of executing and attempting to execute a scheme and artifice to defraud and obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1341.

### Object of the Conspiracy and Scheme to Defraud

17.    It was the object of the conspiracy and scheme to defraud to steal bank checks and credit and debit cards ("payment cards") from U.S. mail addressed to and from the Victim Businesses and other postal customers, to open fraudulent business banking accounts using the names of Victim Businesses and similar names and the stolen identities of Identity Theft Victims, to negotiate the stolen checks by depositing them into the fraudulent banking accounts, and to conduct transactions with stolen payment cards and with money derived from the stolen checks.

### Manner and Means of the Conspiracy and Scheme to Defraud

18.    It was part of the conspiracy and scheme to defraud that **OGUNLANA**, and other persons known and unknown to the Grand Jury, would steal U.S. mail addressed to and from Victim Businesses and other postal customers, including Identity Theft Victims.

19.    It was further part of the conspiracy and scheme to defraud that **OGUNLANA**, and other persons known and unknown to the Grand Jury, would open the mail and review their contents without the authorization of the senders or intended recipients of the stolen mail.

20.    It was further part of the conspiracy and scheme to defraud that **OGUNLANA**, **OGUNTUYI**, and other persons known and unknown to the Grand Jury, would take from the mail

4

and convert to their own use payment cards issued by Victim Banks to Identity Theft Victims and bank checks made payable to Victim Businesses and others, including checks made payable to DeVere Insulation Co. totaling more than $500,000, and checks made payable to Evan Transportation, Inc. totaling more than $65,000.

21. It was further part of the conspiracy and scheme to defraud that **OGUNLANA** would send **OGUNTUYI** photos of payment cards, bank checks, and other materials stolen from mail addressed to Identity Theft Victims and Victim Businesses.

22. It was further part of the conspiracy and scheme to defraud that **OGUNLANA** would request from **OGUNTUYI**, and **OGUNTUYI** would send to **OGUNLANA**, listings of personal identifying information belonging to Identity Theft Victims, including their names, dates of birth, and Social Security numbers, in order to activate stolen payment cards and for other fraudulent purposes.

23. It was further part of the conspiracy and scheme to defraud that **OGUNTUYI** would direct **OGUNLANA** to steal payment cards, bank checks, and other materials from mail addressed to particular Identity Theft Victims and Victim Businesses, and direct **OGUNLANA** to mail some of these stolen items to **OGUNTUYI**.

24. It was further part of the conspiracy and scheme to defraud that **OGUNLANA** would mail to **OGUNTUYI** payment cards, bank checks, and other materials that had been stolen from mail addressed to Identity Theft Victims and Victim Businesses.

25. It was further part of the conspiracy and scheme to defraud that persons known and unknown to the Grand Jury would register fraudulent businesses with state government agencies using the names of Victim Businesses and falsely identify Identity Theft Victims as the agents and/or incorporators of the businesses.

26. It was further part of the conspiracy and scheme to defraud that **OGUNLANA**, and

other persons known and unknown to the Grand Jury, would cause stolen payment cards issued to Identity Theft Victims to be charged in payment of certain fees to register fraudulent businesses in the names of Victim Businesses.

27. It was further part of the conspiracy and scheme to defraud that persons known and unknown to the Grand Jury would use the names, dates of birth, and Social Security numbers ("SSNs") of Identity Theft Victims to apply for and obtain employer identification numbers ("EINs") from the federal government in the names of Identity Theft Victims and for fraudulent businesses with names the same as, or similar to, those of Victim Businesses.

28. It was further part of the conspiracy and scheme to defraud that **OGUNTUYI**, and other persons known and unknown to the Grand Jury, would use fraudulently obtained EINs and the names, dates of birth, and SSNs of Identity Theft Victims to open business banking accounts at Victim Banks using the names of Victim Businesses and similar names, and cause Victim Banks to send correspondence and materials to particular addresses via USPS or a private interstate carrier.

29. It was further part of the conspiracy and scheme to defraud that **OGUNLANA**, **OGUNTUYI**, and others known and unknown to the Grand Jury, would intercept correspondence and materials sent from Victim Banks to account holders via USPS or a private interstate carrier.

30. It was further part of the conspiracy and scheme to defraud that **OGUNLANA**, **OGUNTUYI**, and others known and unknown to the Grand Jury, would obtain bank checks and money orders made payable to Victim Businesses, endorse some of the checks and money orders by forging the signatures of Identity Theft Victims, and deposit the checks and money orders into fraudulent business banking accounts opened in the names of Victim Businesses and similar names.

31. It was further part of the conspiracy and scheme to defraud that **OGUNLANA**, and

other persons known and unknown to the Grand Jury, would conduct transactions using stolen payment cards and money deposited into fraudulent business banking accounts and derived from checks stolen from Victim Businesses, including cash withdrawals, debit card purchases and cash back transactions at retail merchants, wire transfers, and writing checks.

18 U.S.C. § 1349

## COUNTS TWO AND THREE
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about the dates listed below, in the District of Maryland, and elsewhere, the defendant,

### JOHNSON B. OGUNLANA,

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds and other property owned by or under the custody and control of a financial institution by means of material false and fraudulent pretenses, representations and promises; to wit, on or about each date listed below, at a Wells Fargo branch location in Maryland, the defendant deposited one or more bank checks and/or money orders made payable to the listed payee totaling the approximate amount indicated below into a banking account held with Wells Fargo under false and fraudulent pretenses and representations:

| Count | Date | Payee(s) | Amount | Account | Branch |
|---|---|---|---|---|---|
| 2 | 10/31/18 | DeVere Insulation Co. | $5,973.60 | x4220 | Parkside |
| 3 | 11/3/18 | DeVere Insulation Co. | $24,210.43 | x4220 | Parkside |

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNTS FOUR THROUGH ELEVEN
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about the dates listed below, in the District of Maryland, and elsewhere, the defendant,

### SAMSON A. OGUNTUYI,

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds and other property owned by or under the custody and control of a financial institution by means of material false and fraudulent pretenses, representations and promises; to wit, on or about each date listed below, at a Wells Fargo branch location in Maryland, the defendant deposited one or more bank checks and/or money orders made payable to the listed payee totaling the approximate amount indicated below into a banking account held with Wells Fargo under false and fraudulent pretenses and representations:

| Count | Date | Payee(s) | Amount | Account | Branch |
|---|---|---|---|---|---|
| 4 | 11/6/18 | DeVere Insulation Co. | $12,215.81 | x4220 | Abingdon |
| 5 | 12/5/18 | DeVere Insulation Co. | $7,975.56 | x8492 | Parkside |
| 6 | 12/5/18 | DeVere Insulation Co. | $20,522.32 | x8492 | Highlandtown |
| 7 | 12/6/18 | DeVere Insulation Co. | $36,344.47 | x8484 | Abingdon |
| 8 | 12/6/18 | DeVere Insulation Co. | $23,940.37 | x8492 | Abingdon |
| 9 | 12/29/18 | Evan Transportation Inc. | $20,310.00 | x2159 | Highlandtown |
| 10 | 12/31/18 | Evan Transportation Inc. | $5,441.39 | x2159 | Linthicum |
| 11 | 12/31/18 | Evan Transportation Inc. | $2,340.00 | x2159 | Arbutus |

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TWELVE
(Access Device Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. Beginning on or about May 1, 2018, and continuing through on or about December 24, 2018, in the District of Maryland, and elsewhere, the defendant,

**JOHNSON B. OGUNLANA,**

did knowingly and with intent to defraud effect transactions with access devices issued to other persons, to receive payment and other things of value during a one-year period, the aggregate value of which is at least $1,000, said conduct affecting interstate and foreign commerce; to wit, the defendant effected, or aided and abetted, fraudulent transactions totaling more than $1,000 through use of a credit card with a number ending in 9295 issued by Synchrony Bank to S.S., a credit card with a number ending in 7302 issued by Citibank to V.M., a credit card with a number ending in 8151 issued by Chase Bank to K.Y., and a credit card with a number ending in 2195 issued by Citibank to B.I.S.

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 2

## COUNT THIRTEEN
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about February 5, 2019, in the District of Maryland, and elsewhere, the defendant,

**JOHNSON B. OGUNLANA,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, the defendant possessed a debit card issued in the name of T.B. by SunTrust Bank, mail correspondence addressed to T.B. from SunTrust Bank, and an image of mail correspondence addressed to T.B. from Wells Fargo, during and in relation to conspiracy to commit bank fraud and mail fraud, in violation of 18 U.S.C. § 1349, as set forth in Count One of this Superseding Indictment.

18 U.S.C. § 1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNT FOURTEEN THROUGH SEVENTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about the dates listed below, in the District of Maryland, and elsewhere, the defendant,

**JOHNSON B. OGUNLANA,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, the defendant possessed and transferred to a co-conspirator photos of materials bearing the means of identification of other persons, as described below, during and in relation to conspiracy to commit bank fraud and mail fraud, in violation of 18 U.S.C. § 1349, as set forth in Count One of this Superseding Indictment.

| Count | Date | Description |
|---|---|---|
| 14 | 1/3/18 – 3/28/18 | Photos of mail pieces and credit cards issued to and bearing the name of B.L.S. |
| 15 | 5/4/18 | Photo of a mail piece addressed to and bearing the name of V.M. |
| 16 | 5/7/18 | Photo of a mail piece and credit card issued to and bearing the name of S.S. |
| 17 | 8/14/18 | Photo of a mail piece and credit card issued to and bearing the name of K.Y. |

18 U.S.C. § 1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNT EIGHTEEN THROUGH TWENTY-ONE
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about the dates listed below, in the District of Maryland, and elsewhere, the defendant,

### SAMSON A. OGUNTUYI,

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, the defendant transferred to a co-conspirator the means of identification of other persons, as described below, during and in relation to conspiracy to commit bank fraud and mail fraud, in violation of 18 U.S.C. § 1349, as set forth in Count One of this Superseding Indictment.

| Count | Date | Description |
|---|---|---|
| 18 | 5/8/18 | First name, Social Security number, and date of birth of V.M. |
| 19 | 5/8/18 | Full name, Social Security number, and date of birth of S.S. |
| 20 | 8/14/18 | First name and date of birth of the father of K.Y. |
| 21 | 8/20/18 – 10/31/18 | Full name, Social Security number, and date of birth of J.C. |

18 U.S.C. § 1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNT TWENTY-TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about November 6, 2018, in the District of Maryland, the defendant,

**SAMSON A. OGUNTUYI,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, the defendant possessed and negotiated bank checks endorsed with the name of J.C., during and in relation to conspiracy to commit bank fraud and mail fraud, and bank fraud, in violation of 18 U.S.C. §§ 1349 and 1344, as set forth in Counts One and Four of this Superseding Indictment.

18 U.S.C. § 1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNT TWENTY-THREE
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. Beginning on or about October 31, 2018, and continuing through on or about November 3, 2018, in the District of Maryland, and elsewhere, the defendant,

**JOHNSON B. OGUNLANA,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, the defendant possessed and negotiated bank checks endorsed with the name of J.C., during and in relation to conspiracy to commit bank fraud and mail fraud, and bank fraud, in violation of 18 U.S.C. §§ 1349 and 1344, as set forth in Counts One, Two, and Three of this Superseding Indictment.

18 U.S.C. § 1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNT TWENTY-FOUR
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. In or about December 2018, in the District of Maryland, and elsewhere, the defendant,

**JOHNSON B. OGUNLANA,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, the defendant possessed a credit card issued in the name of W.S. by Chase Bank, during and in relation to conspiracy to commit bank fraud and mail fraud, in violation of 18 U.S.C. § 1349, as set forth in Count One of this Superseding Indictment.

18 U.S.C. § 1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNTS TWENTY-FIVE THROUGH TWENTY-SEVEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about the dates listed below, in the District of Maryland, and elsewhere, the defendant,

### JOHNSON B. OGUNLANA,

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of another person; to wit, on each of the following dates, the defendant possessed and used a credit card issued in the name of the listed victim, during and in relation to access device fraud, in violation of 18 U.S.C. § 1029(a)(5), as set forth in Count Twelve of this Superseding Indictment:

| Count | Date | Victim | Credit Card |
| --- | --- | --- | --- |
| 25 | 5/4/18 – 5/6/18 | V.M. | Citibank credit card number ending in 7302 |
| 26 | 8/14/18 | K.Y. | Chase Bank credit card number ending in 8151 |
| 27 | 12/24/18 | B.I.S. | Citibank credit card number ending in 2195 |

18 U.S.C. § 1028A(a)(1), (c)(4)
18 U.S.C. § 2

## COUNTS TWENTY-EIGHT THROUGH THIRTY-TWO
### (Theft of Mail by a Postal Employee)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about the dates listed below, in the District of Maryland, the defendant,

**JOHNSON B. OGUNLANA,**

being a Postal Service officer and employee, did intentionally embezzle any letter, postal card, package, bag, and mail, and articles and things contained therein, which had been entrusted to him and which came into his possession intended to be conveyed by mail, and carried and delivered by any carrier, messenger, agent, and other person employed in any department of the United States Postal Service, and forwarded through and delivered from any post office and station thereof established by authority of the Postmaster General and of the United States Postal Service, and did intentionally steal, abstract, and remove from any such letter, package, bag, and mail, any article and thing contained therein; to wit, the defendant embezzled and stole mail described below on each of the following dates while working as a USPS employee:

| Count | Date(s) | Description |
| --- | --- | --- |
| 28 | 12/21/18 | First-class mail piece addressed to Evan Transportation, Inc. |
| 29 | Unknown date no later than 2/5/19 | First-class mail piece addressed to "DEVEREINSULATIONCOMPA" and T.B. |
| 30 | Between 1/29/19 and 2/5/19 | Bundle of standard mail pieces from Gold's Gym |
| 31 | Unknown date no later than 2/5/19 | Credit card and related correspondence addressed and issued to E.B. |
| 32 | Between 11/2/18 and 2/5/19 | Bank check addressed and made payable to Evan Transportation, Inc. in the amount of $1,700.00 |

18 U.S.C. § 1709
18 U.S.C. § 2

## COUNTS THIRTY-THREE THROUGH FORTY
### (Destruction of Mail by a Postal Employee)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 15 and 17 through 31 of Count One of the Superseding Indictment are incorporated here.

2. On or about the dates listed below, in the District of Maryland, the defendant,

**JOHNSON B. OGUNLANA,**

being a Postal Service officer and employee, did intentionally and unlawfully secrete, destroy, detain, delay, and open any letter, postal card, package, bag, and mail entrusted to him and which came into his possession, and which was intended to be conveyed by mail, and carried and delivered by any carrier and other employee of the United States Postal Service, and forwarded through and delivered from any post office and station thereof established by authority of the Postmaster General and the United States Postal Service; to wit, the defendant opened and destroyed mail described below on each of the following dates while working as a USPS employee:

| Count | Date(s) | Description |
| --- | --- | --- |
| 33 | Unknown date no later than 2/5/19 | Correspondence regarding a credit card addressed to E.B. |
| 34 | Between 11/2/18 and 2/5/19 | Bank check addressed and made payable to Evan Transportation, Inc. in the amount of $1,700.00 |
| 35 | Between 11/4/18 and 2/5/19 | Bank check addressed and made payable to DeVere Insulation Co. in the amount of $11,886.48 |
| 36 | Between 11/6/18 and 2/5/19 | Bank check addressed and made payable to DeVere Insulation Co. in the amount of $3,330.26 |
| 37 | Between 11/6/18 and 2/5/19 | Bank check addressed and made payable to DeVere Insulation Co. in the amount of $7,405.00 |
| 38 | Between 11/6/18 and 2/5/19 | Bank check addressed and made payable to "Foam InSEALators of MD & VA, Inc." in the amount of $750.00 |
| 39 | Between 11/17/18 and 2/5/19 | Bank check addressed and made payable to DeVere Insulation Co. in the amount of 1,088.64 |
| 40 | Between 11/18/18 and 2/5/19 | Bank check addressed and made payable to DeVere Insulation Co. in the amount of $1,671.20 and related invoice |

18 U.S.C. § 1703(a)
18 U.S.C. § 2

## FORFEITURE

1. The allegations contained in Counts One through Twelve are realleged and incorporated here for the purpose of alleging forfeiture.

2. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that, in the event of the defendants' conviction on Counts One through Twelve of this Superseding Indictment, the United States will seek forfeiture as a part of any sentence, in accordance with 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c).

3. As a result of the offenses charged in Counts One through Twelve of this Superseding Indictment, the defendants,

**JOHNSON B. OGUNLANA and
SAMSON A. OGUNTUYI,**

shall forfeit to the United States any and all property, real or personal, constituting, or derived from, proceeds traceable to such offenses.

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Jonathan F. Lenzner* /s/
JONATHAN F. LENZNER
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

3/25/2021
Date

Foreperson