IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. CCB-20-0285 |
| | * | |
| JOHNSON B. OGUNLANA and | * | |
| SAMSON A. OGUNTUYI, | * | |
| | * | |
| Defendants. | * | |

**********

**GOVERNMENT'S REPLY IN SUPPORT OF THE JOINT MOTION OF THE UNITED STATES AND SAMSON A. OGUNTUYI FOR ENTRY OF AN ORDER REGARDING THE STATEMENT OF JOHNSON B. OGUNLANA[1]**

Defendant Johnson Ogunlana ("Ogunlana"), in his Reply to Government's Opposition to Defendant Oguntuyi's Motion for Severance (ECF 56), takes issue with the Government's proposed redacted testimony concerning a confession he made to law enforcement agents that also inculpates his co-defendant, Samson Oguntuyi ("Oguntuyi"). Ogunlana dubiously complains that replacing the names of Oguntuyi and other associates of Ogunlana with generic terms, consistent with procedure established by the Supreme Court and repeatedly reaffirmed by the Fourth Circuit, somehow "prejudices" him by rendering "hollow and unworthy of credibility" information he believes is exculpatory. Ogunlana argues that the only remedy therefore is severance. There is no merit to Ogunlana's arguments. Ogunlana is not entitled to elicit his own self-serving, exculpatory, out-of-court statements from a Government witness (or even his own witness) to advance his defense. The statement does not fall under any hearsay exception, and Ogunlana is therefore not

---

[1] This filing is made in response to defendant Johnson Ogunlana's "Reply to Government's Opposition to Defendant Oguntuyi's Motion for Severance," which was filed on July 26, 2021. The memorandum was initially filed at ECF 56 but was marked "filed in error" due to filing under the wrong category. The Government submits that, although styled as "Reply," Ogunlana's filing is properly construed as a response in opposition to the joint motion of the Government and Oguntuyi filed at ECF 55. Ogunlana notes the agreement between the Government and Oguntuyi but opposes that agreement in his "Reply."

entitled to introduce it, whether at a joint trial or his own severed trial. In addition, Ogunlana fails to demonstrate how he would be harmed by the Government's proposed redacted testimony. As such, Ogunlana's request for severance should be denied.

Ogunlana does not specify which portions of his statement he believes are exculpatory, but presumably, at least one such portion is likely the brief, unsubstantiated claim he made to agents that Oguntuyi and "Uncle Ben" forced him to steal mail and give it to them.[2] Unless the Government introduces this portion against Ogunlana during direct examination of an interviewing agent in accordance with Fed. R. Evid. 801(d)(2)(A), this statement is inadmissible hearsay, regardless of whether Ogunlana's trial is severed from Oguntuyi's. *See United States v. Hassan*, 742 F.3d 104, 134 (4th Cir. 2014) ("[T]he rule of completeness does not 'render admissible . . . evidence which is otherwise inadmissible under the hearsay rules.' . . . Nor does the rule of completeness 'require the admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party.'") (quoting *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008)); *United States v. Wilkerson,* 84 F.3d 692, 696 (4th Cir. 1996) ("…the government could have introduced inculpatory statements made by [defendant]. The rules do not, however, provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party."). Ogunlana's out-of-court claim of being coerced does not fall under any hearsay exception. The Government is not required to introduce it, and Ogunlana is not entitled to introduce it. This would be true for both a joint trial and a separate trial for Ogunlana, and therefore severance is not a remedy.

---

[2] This portion of the statement is reflected in the attachment filed with the Government's and Oguntuyi's joint motion at ECF 55-3, in the last paragraph on page 2 of the attachment. In the joint motion, the Government seeks admission of testimony consistent with Attachment 1 but does not intend to elicit from its witness the entirety of the information contained in Attachment 1.

Under firmly established Fourth Circuit law, the rule of completeness does not apply to Ogunlana's unsupported hearsay claim of being forced to steal mail during his interview with law enforcement in February 2019. *See Wilkerson*, 84 F.3d 692, 693 (4th Cir. 1996) ("The rule applies only to writings or recorded statements, not conversations"); *United States v. Duygu Kivanc*, 714 F.3d 782, 793 (4th Cir. 2013) (same); *Lentz*, 524 F.3d at 526 (rule of completeness does not render inadmissible hearsay admissible or require admission of self-serving, exculpatory statements made out-of-court by party who seeks to admit them); *Hassan*, 742 F.3d at 134 (same). Even if the rule did apply, it would only be violated by the redaction of a co-defendant's name if the redaction distorted the meaning of the statement or the redacted information was "substantially exculpatory of the declarant." *United States v. Alvarado*, 882 F.2d 645, 651 (2d Cir. 1989).[3] The proposal made by the Government and Oguntuyi would not distort the meaning of Ogunlana's prior statements to law enforcement and would not omit information substantially exculpatory of Ogunlana. The inclusion of Oguntuyi's and the other co-conspirators' names would serve only to incriminate the co-conspirators further; it would not incriminate Ogunlana less. To contrary, including Oguntuyi's name would only strengthen the association between Ogunlana and Oguntuyi, which Ogunlana acknowledges. With all of the evidence showing Oguntuyi's criminal involvement, a stronger association between the Ogunlana and Oguntuyi would tend to incriminate Ogunlana more—not less. In any event, Ogunlana would not suffer any prejudice by the redactions proposed by the Government and Oguntuyi. The Court should deny Ogunlana's request for severance.

---

[3] The Second Circuit, in *Alvarado,* dispatched with an argument similar to Ogunlana's, finding that the redactions at issue in that case were permissible and "did not heighten [the defendant's] guilt or the damaging nature of her admissions." *Id.* at 655. The court noted further, "If [the codefendant's] name had appeared in [the defendant's] incriminating statements, their only effect would have been to incriminate [the co-defendant] more, and not [the defendant] less. *Id.* at 656.

Ogunlana claims that the proposed redacted testimony would deprive him of "meaningful opportunity to present his defense." The proposed redactions do not prevent Ogunlana from advancing any defense he desires. If his defense is duress, he can present any non-hearsay evidence of duress he wishes to present, whether through cross examination of Government witnesses or during his own case in chief, including through his own testimony. Notably, the Government is not aware of any evidence, apart from perhaps Ogunlana's own testimony, that would support any defense of duress, and there is overwhelming evidence that the claims of duress Ogunlana made in his statement are utterly false. *See United States v. Gio*, 7 F.3d 1279, 1285-86 (7th Cir. 1993) (finding "no evidence in the record that would support Marchiafava's claim that he was coerced to commit the arson[,]" rejecting Marchiafava's argument that "admission of the redacted statement undermined Marchiafava's coercion defense[,]" and affirming district court's denial of severance and finding that "Marchiafava was not prejudiced by the receipt of Marchiafava's redacted confession in evidence"). The claim that the Government's and Oguntuyi's proposal would deprive Ogunlana of a meaningful defense is without merit.

WHEREFORE, the Government respectfully requests the Court deny Ogunlana's request for severance and grant the Government's and Oguntuyi's joint motion filed at ECF 55.

        Respectfully submitted,

        Jonathan F. Lenzner
        Acting United States Attorney

By:    /s/
        Matthew J. Maddox
        Assistant United States Attorney

        Michael F. Davio
        Special Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing memorandum was served electronically via ECF to counsel of record for all parties.

                                                /s/
                                          Matthew J. Maddox
                                          Assistant United States Attorney