IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. CCB-20-0285 |
| | * | |
| JOHNSON B. OGUNLANA and | * | |
| SAMSON A. OGUNTUYI, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| ****** | | |

## GOVERNMENT'S PRE-TRIAL MOTIONS *IN LIMINE*

The United States respectfully moves *in limine* (1) to admit as intrinsic to the offenses charged in this matter evidence and testimony regarding the September 2016 arrest of Samson A. Oguntuyi and the incident supporting the arrest; (2) to admit evidence regarding both defendants' involvement in the fraudulent deposit of a personal check on or about February 16, 2017, pursuant to Fed. R. Evid. 404(b); (3) to preclude evidence or argument regarding potential punishment; (4) to admit certified records of regularly conducted activity, electronic data copied from electronic devices, and translations of particular text messages exchanged between the defendants; and (5) to exclude the case agent from any sequestration order.

In support of these Motions *in limine*, the government states as follows:

**I.        Procedural Background**

Defendants Johnson B. Ogunlana and Samson A. Oguntuyi are charged in a 40-count Second Superseding Indictment with Conspiracy to Commit Bank Fraud and Mail Fraud in violation of 18 U.S.C. § 1349 (Count One) and several related offenses, including Bank Fraud in violation of 18 U.S.C. § 1344, and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. Defendant Ogunlana is also charged with Access Device Fraud in violation of 18 U.S.C. § 1029, Theft of Mail by a Postal Employee in violation of 18 U.S.C. § 1709, and Destruction of Mail by

a Postal Employee in violation of 18 U.S.C. § 1703(a)—all for conduct related to the conspiracy charged in Count One.

A jury trial is scheduled in this matter to begin on August 23, 2021.

## II.     Relevant Factual Background

The Government will present evidence at trial showing that, as alleged in the Second Superseding Indictment, the defendants conspired to steal items of value from the mail addressed to others (including checks and payment cards) and use victims' personal identifying information in order to negotiate the checks and use the payment cards in order to obtain money and other property. The checks were negotiated through deposits into various bank accounts, including fraudulent business accounts opened in names similar to those of the business payee. The payment cards were used to engage in fraudulent transactions that included both purchases for personal use and purchases of merchandise for resale.

The conspiracy began no later than July 25, 2016, when the defendants exchanged messages via the mobile messaging application WhatsApp in which Oguntuyi requested a list of addresses from Ogunlana that could be used to receive items Oguntuyi "ordered." Ogunlana had access to these addresses in his capacity as a letter carrier with the U.S. Postal Service in the Baltimore metropolitan area of Maryland. Oguntuyi resided in Georgia. Over the course of many months, Ogunlana intercepted and stole payment cards issued in the names of other persons out of the mail and routinely sent photos of the stolen cards to Oguntuyi. During these exchanges, the defendants discussed obtained false identifications in order to use the payment cards Ogunlana intercepted. The exchange of messages also indicates that Ogunlana regularly prepared shipments of packages to Oguntuyi containing stolen payment cards. In addition, Ogunlana was found in possession of payment cards in other persons' names on multiple occasions and was captured on

surveillance video with another individual using a stolen payment card in retail transactions in August 2018.

Ogunlana also eventually began stealing checks out of the mail addressed to businesses serviced out of the USPS facility where he worked. The exchange of messages indicates that Oguntuyi undertook to identify, use, and open bank accounts where the stolen checks could be deposited, and that Ogunlana shipped at least some of the stolen checks to Oguntuyi in Georgia. Between October 2018 and December 2018, Ogunlana and Oguntuyi were each captured multiple times on bank surveillance depositing stolen checks.

### III. Motion to Admit Evidence of Incident and Arrest of Oguntuyi in September 2016

The investigation of this case has revealed that on September 23, 2016, Oguntuyi was arrested at the Grand Hyatt Hotel after using a credit card account issued to a Maryland resident to book a hotel room. Oguntuyi booked the room under the false name "John Maklemore" and was found in possession of a false photo identification listing that name. The Government submits that Oguntuyi's conduct is intrinsic evidence of the conspiracy charged in Count One as it involved the use of a stolen payment card to engage in a fraudulent transaction, as alleged in Paragraphs 17 and 31 of Count One.

"Evidence of uncharged conduct is not other crimes evidence subject to Rule 404 if the uncharged conduct arose out of the same series of transactions as the charged offense, or . . . is necessary to complete the story of the crime on trial." *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009) (internal quotation marks omitted). Such intrinsic evidence is "inextricably intertwined" with evidence of the charged offenses and forms an integral part of the testimony concerning them. *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (internal quotation marks omitted).

Oguntuyi's fraudulent use of a compromised credit card in September 2016 is well connected and indeed intertwined with the Government's broader set of evidence of the conspiracy between the defendants. The incident occurred well within the time frame of the conspiracy and, although the fraudulent transaction was conducted in Georgia, the victim was a resident of Maryland. Evidence of Oguntuyi's responsibility for the fraudulent transaction is highly probative of his knowing participation in the conspiracy and scheme to defraud. Additionally, Oguntuyi's possession of a false photo identification is in perfect conformity with discussions he had with Ogunlana about obtaining fake identifications in order to use stolen payment cards. Even the fact of Oguntuyi's arrest in September 2016 has probative value. It is also notable that, during September 2016, there was a lull in the communications between the defendants, which can be explained by Oguntuyi's arrest. Perhaps most importantly, all of the foregoing tends to show that Oguntuyi was indeed the individual with whom Ogunlana corresponded via WhatsApp. The Government understands that this fact will be disputed by Oguntuyi at trial.

Even if evidence of Oguntuyi's involvement in the September 2016 transaction was not intrinsic to the conspiracy charged in Count One, it would clearly constitute admissible evidence under Fed. R. Evid. 404(b). Rule 404(b) is a rule of inclusion rather than exclusion, and it generally permits introduction of evidence to prove a defendant's motive, opportunity, plan, knowledge, intent, and absence of mistake. *See United States v. Cabrera-Beltran*, 660 F. 3d 742, 755 (4th Cir. 2011) (affirming admissibility of witness testimony about heroin purchases prior to conduct alleged in indictment to prove knowledge and intent); *United States v. Van Metre*, 150 F.3d 339, 349 (4th Cir. 1998). In order to be admitted under Rule 404(b), evidence of a prior act must be relevant, necessary, and reliable, and its probative value must not be substantially outweighed by unfair prejudice. *See United States v. McBride*, 676 F.3d 385, 396 (4th Cir. 2012) (quoting *United*

*States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997)). Oguntuyi's fraudulent transaction shares the same *modus operandi* as both defendants' conduct in furtherance of the conspiracy and helps prove Oguntuyi's criminal knowledge, intent, and absence of mistake in the acts he took in connection with the conspiracy. Also, as noted above, Oguntuyi's arrest in September 2016 is necessary to explain the gap in communications between him and Ogunlana during that time period.

The evidence of Oguntuyi's fraudulent credit card transaction in September 2016 should be admitted as intrinsic evidence or, alternatively, under Rule 404(b).

IV.   **Motion to Admit Evidence of Fraudulent Check Deposit in February 2017**

The Government hereby provides notice that it will seek to present evidence that both defendants were involved in the fraudulent deposit of a check in the amount of $49,000 on or about February 16, 2017, under Fed. R. Evid. 404(b). On February 4, 2017, Oguntuyi asked Ogunlana for information about a bank account via WhatsApp. On the same date, Ogunlana responded with a bank account number and routing number for Bank of America. Ogunlana also supplied a user name (which contained the name of the business account holder), password, and answers to security questions. On February 16, 2017, a check in the amount of $49,000 was fraudulently deposited into the account identified by Ogunlana. An additional deposit of $11,000 was made into the account on February 24, 2017. These deposits were followed by several cash withdrawals and transfers of funds totaling more than $60,000 between February 24, 2017, and February 27, 2017. During this period of time, via WhatsApp, the defendants discussed the account, the balance in the account, and efforts to access the funds.

The Government submits that the foregoing transaction is probative of the defendants' criminal knowledge, intent, and absence of mistake in conducting the fraud conspiracy and scheme

charged in Count One. Evidence of the defendants' involvement in the transaction, including their discussions about it, should be admitted under Rule 404(b).

## V.     Motion to Exclude Evidence and Argument Regarding Punishment

The government moves to preclude evidence or argument regarding potential punishment. Evidence and argument regarding potential punishment are irrelevant to the issue of a defendant's guilt or innocence and raise issues under Fed. R. Evid. 403. "It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict." *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991); *see also Shannon v. United States*, 512 U.S. 573, 579 (1994) (providing jurors with information regarding the potential sentence "invites them to ponder matters that are not within their province, distracts them from their fact finding responsibilities, and creates a strong possibility of confusion"). Thus, any evidence or argument regarding penalties should be excluded.

## VI.    Motion to Admit Public Records, Business Records, Electronic Data, and English Transcriptions of Text Messages

The Government respectfully moves for a pre-trial ruling from the Court that the following categories of records and information are self-authenticating and admissible pursuant to Rule 902 of the Federal Rules of Evidence:

- Business formation and registration records obtained state agencies of Maryland, Georgia, Tennessee, North Carolina, and Virginia, *see* Fed. R. Evid. 902(1);

- Certified business records obtained from various financial institutions, credit card companies, e-mail providers, property management companies, air travel carriers, and other businesses, *see* Fed. R. Evid. 902(11);

- Data copied from an iPhone 6, an iPhone 6S, an iPhone X, and an iPhone 7+, which were seized from Ogunlana and searched pursuant to search warrants and consent

of the defendant, *see* Fed. R. Evid. 902(14).

The records and information have been produced in discovery to the defense.

The Government also seeks admission of English transcripts of text messages extracted from the aforementioned electronic devices that were originally made in West African Pidgin English and Yoruba. The English transcripts are certified by Multilingual Connections LLC, a corporate member of American Translators Association.

## VII. Motion to Exclude Case Agent from Sequestration

The Government intends to call the lead investigator in this case, Special Agent Christopher Murray of USPS Office of Inspector General, to testify at trial. SA Murray is excepted from Fed. R. Evid. 615 as the government's chief investigating agent and representative under Rule 615(b). *See United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986) ("the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify.").

## VIII. Conclusion

For all of the above reasons, the Government respectfully requests that the Court enter orders in accordance with the above motions.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

By:      /s/
Matthew J. Maddox
Assistant United States Attorney

Michael F. Davio
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 10th day of August, 2021, a copy of the foregoing Government's Pre-trial Motions *in Limine* was electronically filed with notice to counsel of record.

By: _____/s/_____
Matthew J. Maddox
Assistant United States Attorney