# UNITED STATES DISTRICT COURT
# FOR THE DISTRCT OF MARYLNAD

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 20-cr-00285-CCB-1** |
| **SAMSON OGUNTUYI,** *ET AL.*, | ) | |
| **Defendant.** | ) | |
| | ) | |
| **For: JOHNSON OGUNLANA** | ) | |
| _____ | ) | |

## DEFENDANT OGUNLANA'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT OGUNTUYI'S MOTION FOR SEVERENCE

Defendant, Johnson Ogunlana ("Ogunlana"), by his undersigned counsel, hereby files this reply to the Government's opposition to Defendant Oguntuyi's motion for severance of his trial from Defendant Ogunlana and states as follows:

The Government is seeking to admit Mr. Ogunlana's statements into evidence by redacting the statements to replace Oguntuyi's name with "neutral phrase[s] like 'another person' or 'another individual.'"(ECF 48); *See* ECF 55-3, Attachment 1-B. In support of its position that these statements can be properly admitted once redacted, the government relies on *Richardson v. Marsh*, 481 U.S. 200, 206 (1987), and it has entered into an agreement with Mr. Oguntuyi regarding the redactions. While the redactions may reduce the prejudice to Mr. Oguntuyi, it does the opposite to Mr. Ogunlana.

### Admitting Redacted Statements Prejudice Mr. Ogunlana.

While the admission of Mr. Ogunlana's unredacted statements may incriminate his codefendant, they are exculpatory as to Mr. Ogunlana's involvement in the alleged crimes, and

they form the basis of his defense. If his statements are redacted such that they eliminate the identity of third parties, such as defendant Oguntuyi, who is identified in the statements as being culpable and responsible for his actions and the crimes at issue, the redactions will artificially and unduly prejudice him. The government cites *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) in support of proposal to redact Mr. Ogunluna's statements, but the *Richardson* case involved redactions designed to protect a defendant from being prejudiced by his codefendant's statements. It did not address the situation here, where the statements sought to be redacted are exculpatory and it did not address the rights of the defendant who made the statements at all. *Richardson* is instructive, however, because the Court's rationale for permitting the redactions was its belief that the proper redactions could make the link between the defendants less obvious to conform with the confrontation clause. *See e.g. United States v. Washington*, 952 F.2d 1402 ,1405-07(D.C. Cir 1991) (redacted statements properly admitted only because it did not create an inevitable association between the defendants); *United States v. Applewhite*, 72 F.3d 140, 145-47 (D.C. Cir 1995) (redacted statement properly admitted because it did not create an inevitable association with the defendant and a proper limiting instruction is given).

While the redaction sought in this case may make the link between the defendants less obvious, this is precisely why the redactions prejudice Mr. Oguntuyi. It is the link itself that provides the exculpatory evidence, and it is the "link" between the defendants that establishes Mr. Ogunlana's defense. Thus, while redacting his statements may lessen the prejudice to Mr. Oguntuyi, it does quite the opposite to Mr. Ogunlana. The redactions requested by the government deprive him of his best defense. His exculpatory statements would sound hollow and unworthy of credibility. As redacted, these statements are merely broad statements that someone else did it or someone else made me do it that are unworthy of belief. Their lack of specificity

would completely undermine their efficacy and deprive Mr. Ogunlana of a "meaningful opportunity to present his defense" in violation of his Fifth Amendment right to due process and the rule of completeness. *See Crane v. Ky*, 476 U.S. 683, 690 (1986) ("The Constitution guarantees criminal defendants "a meaningful opportunity to present a complete defense.") (quoting *Strickland* v. *Washington*, 466 U.S. 668, 684-685 (1984) ("The Constitution guarantees a fair trial through the Due Process Clauses, . . . We break no new ground in observing that an essential component of procedural fairness is an opportunity to be heard) (citation omitted)). That opportunity would be an empty one if the prosecutors were permitted to exclude competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of innocence.

## <u>CONCLUSION</u>

WHEREFORE, Johnson Ogunlana requests that this Court grant an order severing his case from Defendant Oguntuyi's or, if this Court denies the pending motions for severance, Mr. Ogunlana requests that this court admit his statements without redactions on the grounds alleged herein and any other grounds that may become apparent upon a hearing on the motion.

Respectfully submitted,

_____/s/_____

Glenn F. Ivey, Esq.
Ivey & Levetown LLP
6411 Ivy Lane, Suite 304
Greenbelt, MD 20770
(301) 537-1451
Ivey@iveylevetown.com

*Counsel for Johnson Ogunlana*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on July 26, 2021, this Reply to Government's Opposition to

Defendant Oguntuyi's Motion for Severence has been served via ECF.


_____/s/_____
Glenn F. Ivey, Esq.
