IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHNSON B. OGUNLANA. | Criminal No. CCB-20-0285<br>Civil No. CCB-22-1154 |

## MEMORANDUM

Now pending before the court is Johnson B. Ogunlana's motion to vacate his conviction under 28 U.S.C. § 2255. *See* Mot. to Vacate, ECF 137; Suppl. Mot. to Vacate, ECF 152. On August 23, 2021, Ogunlana pled guilty to one count of conspiracy to commit mail fraud, one count of access device fraud, one count of aggravated identity theft, and one count of theft of mail by a postal employee. Plea Agreement, ECF 77. As part of the agreement, Ogunlana agreed to waive his right to appeal the "conviction on any ground whatsoever." *Id.* at 7. After the agreement was entered, the court sentenced Ogunlana to a term of imprisonment totaling six years. Judgment, ECF 125. He now seeks to vacate his conviction and sentence on four grounds: (1) ineffective assistance of counsel; (2) denial of speedy trial rights; (3) excessive counts of conviction; and (4) an unreasonable cell phone search.

The ineffective assistance of counsel claim resolves this motion. Under Fourth Circuit law, "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." *United States v. Poindexter*, 492 F.3d 263, 265 (4th Cir. 2007). That is so even where noticing an appeal may amount to "little more than an opportunity to lose at a later date," and even where doing so may be "harmful to the client's interests." *Id.* at 273. As a result, a criminal defendant

1

whose attorney fails to execute an instruction to file an appeal is entitled to § 2255 "relief in the form of a belated appeal." *United States v. Niles*, DKC 15-0316-003, 2021 WL 5882403, at *3 (D. Md. Dec. 10, 2021), *appeal dismissed*, No. 21-4678, 2022 WL 17669121 (4th Cir. June 14, 2022).[1]

Mr. Ogunlana's pro se § 2255 motion, filed under penalty of perjury, explains that he "instructed" his attorney to file a direct appeal but that counsel "did not listen to [his] instruction." Mot. to Vacate at 6.[2] The Government does not contest this factual account; to the contrary, it seems to agree, suggesting "that surely Petitioner's attorney refused to file the notice because he knew that, by his Plea Agreement, Petitioner had just waived his right to appeal, and any filing would be frivolous." Opp'n to Mot. to Vacate at 12, ECF 153. Accordingly, there seems to be no dispute that Ogunlana "unequivocally instructed" counsel to notice an appeal, and that no appeal was filed. *See Poindexter*, 492 F.3d at 273.

On such a record, the court is compelled to conclude that Ogunlana's attorney "render[ed] constitutionally ineffective assistance of counsel," and that Ogunlana must now "be allowed a direct appeal." *Id.* The § 2255 motion will therefore be granted, and Ogunlana will be afforded an opportunity to notice an appeal of his conviction. The court need not address the remaining claims for relief, which appear to be best suited, in the first instance, for direct appeal.

A separate order follows.

    July 18, 2023                                                                            /s/
Date                                                                                Catherine C. Blake
                                                                                     United States District Judge

---

[1] Unpublished opinions are cited for their persuasiveness only, not for precedential value.
[2] The court accepts Ogunlana's § 2255 motion as an affidavit under 28 U.S.C. § 1746. *See United States v. Mayhew*, 995 F.3d 171, 178 (4th Cir. 2021).